IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01744-RBJ

RUBEN ARAGON,
JOHN SPRING,
ROBERT WIEGHARD,
DAVID POOLE,
JAMES BRATT,
AARON MILLER,
GEORGE MILLER, and
EDWARD KANETA,

    Plaintiffs,

v.

RICK RAEMISCH, in his official capacity as Executive Director of the Colorado Department of Corrections,
RISHI ARIOLA-TIRELLA, in his official capacity as the Interim Chief Medical Officer of the Colorado Department of Corrections, and
RENAE JORDAN, in her official capacity as the Director of Clinical and Correctional Services of the Colorado Department of Corrections,

    Defendants.

## MOTION TO STAY

Defendants, through the Colorado Attorney General, hereby submit the following Motion to Stay. In support thereof, Defendants state as follows:

### CERTIFICATE OF CONSULTATION

Pursuant to D.C.COLO.LCivR 7.1(A), undersigned counsel has conferred with counsel for the Plaintiffs and can represent that Plaintiffs oppose the relief sought herein.

## PRELIMINARY STATEMENT

This matter is a proposed class-action lawsuit concerning the alleged adequate medical treatment of offenders incarcerated within the Colorado Department of Corrections (CDOC) who are chronically infected with the Hepatitis C virus. In their Amended Class Action Complaint, Plaintiffs bring suit pursuant to 42 U.S.C. § 1983 alleging an Eighth Amendment claim for the denial and/or delay in the provision of treatment for Hepatitis C, a blood-borne viral infection, through the administration of Direct Acting Anti-Viral medications (DAA treatment) that were recently approved by the Food and Drug Administration, and which Plaintiffs allege are highly effective in treating a certain genotype of Hepatitis C infection. Doc. 25 at paras. 1, 101-113.

On October 2, 2017, Defendants filed their Motion to Dismiss. Doc. 38. Plaintiffs filed their Response to the Motion to Dismiss on October 26, 2017. Doc. 42. On September 27, 2017, the Court set this matter for a scheduling conference to be held on October 27, 2017. Doc. 36. Through this motion, Defendants respectfully requests that discovery be stayed pending resolution of the Motion to Dismiss.

## ARGUMENT

The Court has discretion to stay discovery while a dispositive motion is pending. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) (unreported decision) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955,

at *2 (D. Colo. Mar. 30, 2006) (unreported decision) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (A stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that ordering a stay of discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject matter jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

When exercising its discretion, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5)

the public interest in either staying or proceeding with discovery. *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987) (unreported decision)).

Relating to the first and second factors, Plaintiffs certainly have an interest in proceeding expeditiously, but their interests here is offset by the Defendants' burden in proceeding with this litigation. Each of the named Plaintiffs allege that they have been chronically infected with the HCV for many years. *See* Doc. 25, ¶¶ 51, 57, 69, 79, 87, 91, 94, 98. Plaintiffs further allege that in 2013 and 2014, the landscape for the treatment of HCV took a drastic change with the Federal Drug Administration's approval of the DDA medications for the treatment of HCV. However, Plaintiffs have allowed three to four years to pass prior to the filing of the instant lawsuit, thereby casting doubt on any assertion by the Plaintiffs of significant prejudice from what would be a proportionately brief delay in discovery, if the instant motion were to be granted.

A ruling in favor of the Defendants' Motion to Dismiss would be dispositive. It will not be practicable nor an efficient use of state and judicial resources to conduct discovery, brief and rule upon any discovery disputes, and brief and consider any dispositive motions that may be filed, until the Court has had an opportunity to consider and rule upon Defendants' Motion to Dismiss. Defendants will suffer harm in the absence of a stay because they will be required to expend resources briefing issues in this case, such as a motion for class certification. Additionally, without a stay, the Defendants and the state will be required to

undertake costly and time consuming discovery, far more than the ordinary burdens of litigations, especially given that the Plaintiffs have included in the complaint class allegations and would seek discovery relating to the following class of individuals: "[a]ll current and future prisoners in the custody of CDOC who have been or will be diagnosed with chronic Hepatitis C, who have at least 24 weeks or more remaining on their sentences and a life expectancy of more than one year, with the exception of prisoners who are already receiving or have already completed treatment with DAA medications." Doc. 25, ¶ 101. Defendants, and the state, would also have to expend substantial resources preparing for and attending depositions, retaining experts, and drafting a dispositive motion, all of which may prove to be ultimately unnecessary should the Court grant the Motion to Dismiss. *See, e.g., Edwards v. Zenimax Media, Inc.,* No. 12–cv–00411, 2012 WL 1801981, at *3 (D.Colo. May 17, 2012) (unpublished) (in class-action case, finding that the burden of discovery weighed in favor of granting motion for stay where, due to pending dispositive motion, "the requested discovery may ultimately be useless and a waste of the parties' time and resources").

As it relates to the third factor, Defendants recognize the general policy in this District disfavoring a complete stay of discovery, "as the resulting delay makes the Court's docket less predictable and, hence, less manageable." *Stone v. Vail Resorts Dev. Co.,* 2010 WL 148278, at *1 (D. Colo. Jan. 7, 2010). However, courts have acknowledged that "[w]here a pending motion may dispose of an action…a stay of proceedings may allow the Court to avoid expending resources in managing an

action that ultimately will be dismissed." *Id.* Here, if successful, the Motion to Dismiss would entirely dispose of the instant action. Given that this proceeding is at the very early stages, the interests of judicial economy weigh in favor of granting the stay, because if the pending Motion to Dismiss were to be granted, this Court will have to expend resources managing a complex class action suit unnecessarily in the absence of a stay. *See Stone*, 2010 WL 148278 at *3.

In regards to the fourth factor, while the putative class action members who are not yet parties to this lawsuit may maintain an interest in the Plaintiffs expeditiously pursuing their claims, such interests are marginal, in that their interests would be identical to those of the named Plaintiffs. Therefore, as the interests of the named Plaintiffs in pursuing the prosecution of this case are outweighed by the burdens on the Defendants, as articulated above, the same burden outweighs any interests asserted by potential class action members.

Thus, the fourth *String Cheese Incident* factor weighs in favor or granting a stay of discovery. With regard to the fifth and final factor, while the public has an interest in the speedy resolution of legal disputes, under the specific circumstances of this case, a stay in this matter pending a ruling on the Motion to Dismiss will conserve judicial resources and further the public's interest in judicial economy and this case's efficient and just resolution. Avoiding wasteful efforts by the Court and the parties serve this interest and thus, the fifth *String Cheese Incident* factor weighs in favor of staying discovery.

WHEREFORE, Defendants respectfully request that this Court stay all discovery for purposes of efficiency and economy pending resolution of the Defendants' Motions to Dismiss.

Respectfully submitted this 26th day of October, 2017.

        CYNTHIA H. COFFMAN
        Attorney General

        *s/ Nicole Gellar*
        *s/ Jennifer Kemp*
        *s/Chris Alber*
        NICOLE S. GELLAR
        JENNIFER KEMP
        CHRIS W. ALBER*
        Senior Assistant Attorney General
        Civil Litigation & Employment Section
        Attorneys for Defendants
        1300 Broadway, 10th Floor
        Denver, CO  80203
        Telephone:  (720) 508-6614
        FAX:  (720) 508-6032
        Email:  nicole.gellar@coag.gov
        jennifer.kemp@coag.gov
        chris.alber@coag.gov
        *Counsel of Record

## CERTIFICATE OF SERVICE

I certify that I have duly served the within Motion to Stay upon all parties herein by filing on the CM/ECF court filing system this 26th day of October, 2017, and addressed as follows:

Mark Silverstein, Esq., ACLU of Colorado
Sara R. Neel, Esq., ACLU of Colorado
Arash Jahanian, Esq., ACLU of Colorado
msilverstein@aclu-co.org
snel@aclu-co.org
ajahanian@aclu-co.org

Christopher P. Beall, Esq., Fox Rothschild LLP – Denver
Jacob Jeffrey Baer, Esq., Fox Rothschild LLP – Denver
Neal Stuart Cohen, Esq., Fox Rothschild LLP – Denver
Shoshana Rosenthal, Esq., Fox Rothschild LLP – Denver
jbaer@foxrothschild.com
ncohen@foxrothschild.com
srosenthal@foxrothschild.com
cbeall@foxrothschild.com

*Counsel for Plaintiffs*

s/ Chris W. Alber