IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01744-RBJ

RUBEN ARAGON, *et al*.,

    Plaintiffs,

v.

RICK RAEMISCH, *et al*.,

    Defendants.

**REPLY TO RESPONSE TO MOTION TO DISMISS (DOC. 42)**

Defendants, through the Colorado Attorney General, hereby submit the following Reply to Response to Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) (Doc. 42):

## ARGUMENT

### I.    Plaintiffs fail to state a claim upon which relief can be granted.

Defendants moved to dismiss Plaintiffs' Eighth Amendment claims because the allegations of the Complaint do not establish that they have a serious medical need for DAA treatment at this time to which Defendants have been deliberately indifferent, and thus the Complaint does not establish either the objective or subjective elements of their claims, as required by *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). Additionally, as noted in the Motion to Dismiss, when an inmate alleges a delay in medical care, a "[d]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference which results in substantial harm." *Whitington v. Moschetti*, 423 Fed. Appx. 767, 773 (10th Cir. Colo. 2011) (citing *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993). Substantial harm includes "lifelong handicap, permanent loss, or considerable pain." *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001). As set forth

1

in the Motion to Dismiss, though Plaintiffs make allegations regarding Hepatitis C broadly, Plaintiffs have not alleged that *they* have suffered, or will imminently suffer, a substantial harm as a result of the Hepatitis C treatment policy that is the subject of their claims, nor that they have a serious medical need for DAA treatments at this time. As discussed in the Motion to Dismiss, and as conceded by Plaintiffs in the Amended Complaint, the Hepatitis C policy at issue does provide for treatment with DAA medications, and sets forth a monitoring plan and a medical criteria for eligibility for DAA medications. *See* Amended Complaint, Doc. 25 at para. 33. Thus, though Plaintiffs assert in their Response to the Motion to Dismiss that their claims are for the *denial* of medical care, in actuality, the Hepatitis C policy at issue explicitly provides for treatment with DAA medications, and thus Plaintiffs' claims concern a *delay* in care caused by the monitoring plan and the medical criteria for DAA treatment set forth by the policy.

In their Response to the Motion to Dismiss, Plaintiffs are critical of the numerous cases that Defendants cited in the Motion to Dismiss in which the courts dismissed claims brought by inmates seeking various Hepatitis C treatments as "older" cases that do not necessarily address DAA medications. However, several of those "older" cases are from 2015, 2016, and 2017, and some specifically address inmate claims seeking DAA medications, such as Harvoni. *See Gonzales v. Corizon Health Care Providers*, No. CV 15-00890 WJ/GJF, 2017 WL 3605366, at *4 (D.N.M. Jan. 18, 2017) (citing *Harrell v. Cal. Forensic Med. Grp., Inc.*, No. 2:15–CV–0579, 2015 WL 6706587, at *2 (E.D. Cal. Nov. 3, 2015); *Johnson v. Frakes*, No. 8:16CV155, 2016 WL 4148231, at *3 (D. Neb. Aug. 4, 2016); *Smith v. Corizon, Inc.*, No. 15–743, 2015 WL 9274915, at *6 (D. Md. Dec. 17, 2015); *Insley v. Graham*, 2016 WL 7157419, *12 (D. Maryland Dec. 8, 2016).

In addition, Plaintiffs' defenses of the adequacy of their current pleading are based upon the faulty theory that the fact that there are now more effective treatments for Hepatitis C (DAA medications), and that a medical group recommends that all patients with a Hepatitis C infection be treated with this medication, necessarily means that *every* person who has a chronic Hepatitis C infections has a *serious* medical need for immediate treatment with DAA medications *within the meaning of the Eighth Amendment*. As explained in the cases cited in the Motion to Dismiss, that is not so – prison inmates asserting an Eighth Amendment claim must still assert allegations that show that *they* have a serious need for a particular medical treatment, and, in cases of allegations of delays in treatment, that *they* have suffered *a substantial harm* as a result of the delay in treatment. *Farmer v. Brennan*, 511 U.S. at 828; *see also*, *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–561 (1992) ("a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. . ."). Plaintiffs' allegations discuss the potential harms caused broadly by untreated chronic Hepatitis C infections, but these allegations are not personal to the Plaintiffs, and their allegations do not establish that they have personally suffered any substantial harm resulting from the alleged delay in administrating DAA medications.

In an effort to overcome these defects, Plaintiffs cite to several cases in which other federal courts have denied motions to dismiss claims by prison inmates who have Hepatitis C infections who seek treatment with DAA medications, to suggest that the Court should deem Plaintiffs' allegations in this case as equally sufficient to meet the requisite pleading standards. *See* Doc. 42 at p. 2, n.1 and p. 5. However, the plaintiffs in those cases included critical factual allegations that the Plaintiffs simply do not make in

3

this matter. For instance, in *Chimenti v. Pa. Dep't of Corr.*, the plaintiffs alleged they had already sustained substantial harm as a result of the prison's failure to treat their Hepatitis C infections, including one plaintiff who had "Stage 4 compensated cirrhosis with chronic liver failure" and who had not been allowed to see "a hepatologist or a gastroenterologist for treatment of his liver condition" despite recommendations for the same, another plaintiff who had high levels of Hepatitis C, who "'currently experiences symptoms of Hepatitis C, including pain, fatigue,' and jaundice" and who required "immediate treatment to prevent any further liver damage," and another plaintiff who was alleged to have had a liver biopsy "which showed that he had liver fibrosis between stage 1 and stage 2" and who required immediate treatment to prevent "further liver damage or liver failure." *Chimenti v. Pennsylvania Dep't of Corr.*, CV 15-3333, 2016 WL 1125580, at *8 (E.D. Pa. Mar. 21, 2016). Allegations of this nature, which indicated that the plaintiffs were among the group of Hepatitis C patients whose infections had caused them to personally suffer a substantial harm as a result of an alleged delay and/or denial of medical treatment, and that prison officials were aware of this, are crucial to demonstrating the objective and subjective elements of an Eighth Amendment claim. *Whitington v. Moschetti*, 423 Fed. Appx. at 773. However, the Plaintiffs in this case simply do not make such allegations, presumably because they fall within the larger category of individuals who have chronic Hepatitis C infections who have not, and may never, suffer any actual harm as a result of their Hepatitis C infections.

       Similarly, Plaintiffs also rely on *Postawko v. Missouri Dep't of Corr.*, but in that case it was alleged that one plaintiff "has symptoms consistent with HCV, including extreme fatigue to the point that brushing his teeth causes intense aching in his arm

4

muscles; fever; abdominal pain; severe headaches; almost constant joint pain; and dark urine with what appear to be traces of blood," that another plaintiff had liver cirrhosis that caused him symptoms such as "nausea, severe joint pain, fatigue, back and chest pain, tenderness in his liver area, and dark urine," and the last plaintiff was also experiencing symptoms "including fatigue; muscle and joint pain; stomach, liver, and chest pain; and tenderness in his liver area." *Postawko v. Missouri Dep't of Corr.*, 2:16-CV-04219-NKL, 2017 WL 1968317, at *3 (W.D. Mo. May 11, 2017). There are no such allegations here.

Plaintiffs also rely on *Allah v. Thomas*, *Cunningham v. Sessions,* and *Henderson v. Tanner*, but these cases are also similarly distinguishable.[1] In *Allah*, the plaintiff alleged that he was no longer receiving <u>any</u> treatment for Hepatitis C due to the cost of treatment, despite the fact that his "liver [was] deteriorating, and [he was] having pain in [his] liver area." *Allah v. Thomas*, 679 Fed.Appx. 216, 220 (3d. Cir. 2017) (unpublished). In *Cunningham v. Sessions*, the plaintiff alleged that he suffered from "headaches, fatigue, abdominal, joint pain, mental and emotional tur [moil] depression, anxiety, and stress." *Cunningham v. Sessions*, 9:16-CV-1292-RMG, 2017 WL 2377838, at *1 (D.S.C. May 31, 2017). In *Henderson*, the plaintiff alleged that his "liver enzyme levels were measured to be three times the normal level" and that he had "been diagnosed with stage III cirrhosis of the liver and that his requests to see a liver specialist and/or receive an ultrasound or liver biopsy have been denied." *Henderson v. Tanner*, CV 15-0804-SDD-EWD, 2017 WL 1017927, at *2 (M.D. La. Feb. 16, 2017), report and recommendation

---

[1] Plaintiffs also rely in part on *Graham v. Parker*, No. 3-16-cv-01954, 2017 U.S. Dist. LEXIS 68625 (M.D. Tenn. May 4, 2017), *Fowler v. Turco*, No. 1:15CV12298 [ECF No. 46] (D. Mass. July 22, 2016), *Ligons v. Minn. Dep't of Corr.*, No. 15-CV-2210 (PJS/BRT) (D. Minn.), and but these decisions concern the propriety of granting class certification, and therefore they are not germane to resolving the Motion to Dismiss.

adopted, CV 15-804-SDD-EWD, 2017 WL 1015321 (M.D. La. Mar. 15, 2017). Such allegations are a far cry from the complaints that Plaintiffs make here, in which Plaintiffs only allege the hypothetical possibility that they might, some day, incur substantial harm. As noted in the Motion to Dismiss:

> The constitutionality of each prisoner's treatment must be assessed individually, and a conclusion in one case may not foreclose a different conclusion in another. No inequity results from such different outcomes, because each prisoner is considered as an individual. Medical needs are always peculiar to the patient, and the necessary differences in treatment will not establish conflicting or incompatible standards for the board.

*Paulley v. Chandler*, 2000 WL 33975579, *4 (W.D. Kentucky 2000).

The Plaintiffs in this case do not allege that they have exhibited any symptoms or actual health problems like those alleged in the cases upon which they rely, nor that the CDOC categorically denies DAA medications to all CDOC inmates with chronic Hepatitis C infections, as is apparently the case in some prison systems. Thus, though the courts in some of the cases cited by Plaintiffs may have been critical of the prison Hepatitis C policies that were before them in those cases, 1) it is not evident that the Hepatitis C policies that were at issue in those cases were the same as the CDOC's current Hepatitis C policy and 2) the claimants in those cases had alleged that they had sustained actual harm as a result of untreated Hepatitis C infections. That is not the case here, where Plaintiffs have not made such allegations, and it therefore does not follow that the Court should make the same ruling in this case as the courts in other jurisdictions did in the cases cited by Plaintiffs. *Id.*

## CONCLUSION

For the reasons set forth in the Motion to Dismiss and herein, Plaintiffs' claims should be dismissed.

Respectfully submitted this 9th day of November, 2017.

CYNTHIA H. COFFMAN
Attorney General

*s/ Nicole Gellar*
*s/ Jennifer Kemp*
*s/Chris Alber*
NICOLE S. GELLAR
JENNIFER KEMP
CHRIS W. ALBER*
Senior Assistant Attorney General
Civil Litigation & Employment Section
Attorneys for Defendants
1300 Broadway, 10th Floor
Denver, CO  80203
Telephone:  (720) 508-6614
FAX:  (720) 508-6032
Email:  nicole.gellar@coag.gov
jennifer.kemp@coag.gov
chris.alber@coag.gov
*Counsel of Record

CERTIFICATE OF SERVICE

I certify that I served the foregoing upon all parties herein by e-filing with the CM/ECF system maintained by the court this 9th day of November, 2017 addressed as follows:

Mark Silverstein, Esq., ACLU of Colorado, msilverstein@aclu-co.org
Sara R. Neel, Esq., ACLU of Colorado, snel@aclu-co.org
Arash Jahanian, Esq., ACLU of Colorado, ajahanian@aclu-co.org

Christopher P. Beall, Esq., Fox Rothschild LLP – Denver, cbeall@foxrothschild.com
Jacov Jeffrey Baer, Esq., Fox Rothschild LLP – Denver, jbaer@foxrothschild.com
Neal Stuart Cohen, Esq., Fox Rothschild LLP – Denver, ncohen@foxrothschild.com
Shoshana Rosenthal, Esq., Fox Rothschild LLP – Denver, srosenthal@foxrothschild.com
*Counsel for Plaintiff*

*s/ Nicole Gellar*